**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**REAL PROPERTY LOCATED AT 15324 COUNTY HIGHWAY E, Richland Center, Richland County, Wisconsin, with all appurtenances and improvements thereon, Defendant,**

**Appeal of: Charles J. Acker,**
**Claimant–Appellant.**

**No. 99–3190.**

United States Court of Appeals,
Seventh Circuit.

Submitted Aug. 9, 2001 *.

Decided Sept. 4, 2001.

---

* Circuit Judge Jesse E. Eschbach was on the original panel for this case. In light of Judge Eschbach's retirement, Circuit Judge William J. Bauer has taken his place.

Before Hon. BAUER, Hon. COFFEY, Hon. DIANE P. WOOD, Circuit Judges.

### ORDER

In *United States v. Real Property Located at 15324 County Hwy. E*, 219 F.3d 602 (7th Cir.2000), this court considered the appeal of Charles J. Acker in a civil action for forfeiture of his property under 21 U.S.C. § 881(a)(7), in conjunction with Acker's substantial marijuana business. Acker's only argument on appeal was that the government's use of thermal imaging technology to detect his indoor marijuana growing operation constituted a warrantless search in violation of the Fourth Amendment. Adhering to our earlier decision in *United States v. Myers*, 46 F.3d 668 (7th Cir.1995), we concluded that the thermal imaging scan was not a "search" covered by the Fourth Amendment and we thus affirmed the district court's decision refusing to suppress the evidence collected both directly and indirectly through the thermal inspection of Acker's property.

The Supreme Court has now decided that the use of a thermal imaging device aimed at a private home does indeed constitute a "search" for Fourth Amendment purposes. See *Kyllo v. United States*, 533 U.S. 27, 121 S.Ct. 2038, 150 L.Ed.2d 94 (2001). After *Kyllo*, it is plain that our decisions in *Myers* and in the present case can no longer stand, and the Supreme Court has remanded Acker's case to this court for further proceedings in accordance with *Kyllo*. Both parties have filed their statements under Circuit Rule 54. The United States has asked us to affirm the district court's summary judgment order of forfeiture and order refusing to suppress the evidence, notwithstanding *Kyllo* and the integral role the thermal imaging scan played in this case. It argues that the search warrant affidavit that was procured for the physical search of Acker's house contained sufficient probable cause independent of the now-tainted evidence. Acker disagrees, pointing out that the search warrant issued "almost entirely upon the fruit of an unlawful search conducted by thermal imaging surveillance of the claimant-appellant's house."

We agree with Acker that the thermal imaging evidence played a significant role in the decision on the motion to suppress when the case was originally before the district court. We cannot tell how the court would have evaluated the motion, and the affidavit supporting the search warrant, if it had had the benefit of *Kyllo* at the time. Obviously, given this court's decision in *Myers* the district court had no occasion to consider the affidavit supporting the search warrant while disregarding everything the illegal thermal surveillance produced. It is unclear at best whether the court would have found that the tips from the confidential informants and the utility bills alone (which we described in our earlier opinion) would have sufficed to uphold the search, and thus the judgment on the civil forfeiture of the property. We therefore REMAND this case to the district court for further proceedings consistent with *Kyllo* and this order.